```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
ROSEMARY GRANT-MOSLEY,                 )    Docket No.: 1:07-CV-04186 (BMC)
                                       )
              Plaintiff,               )         SECOND AMENDED
                                       )            COMPLAINT
         -against-                     )
                                       )       PLAINTIFF DEMANDS
THE CITY OF NEW YORK,                  )        TRIAL BY JURY
CONSOLIDATED EDISON OF NEW YORK, INC., )
MANETTA INDUSTRIES, INC.,              )
NEW YORK PAVING INC.,                  )
                                       )
              Defendants.              )

THE CITY OF NEW YORK,                  )
                                       )
         Third-Party Plaintiff         )
                                       )
         -against-                     )
                                       )
CONSOLIDATED EDISON COMPANY OF         )
NEW YORK, INC.                         )
                                       )
         Third-Party Defendant         )
_____x
```

TAKE NOTICE, the Plaintiff hereby appears in this action by her attorneys the LAW OFFICES OF YOMI AWOYINFA, Obayomi Awoyinfa, counsel, and demands that all papers be served upon him, at the address below, in this matter.

## JURISDICTION

1.  This is a personal injury action seeking damages against the Defendants

jointly and severally for said Defendants or their respective servants, agents, and/or employees' failure or negligence in properly managing, maintaining, repairing, servicing, a public roadway, or by other diverse ways negligent, including but not limited to failure to properly restore subject roadway after excavation, which is the cause of the subject accident in this action.

2. This is a personal injury action seeking damages against all the Defendants for their tortuous acts or negligence in causing plaintiff to trip and fall. Jurisdiction is conferred on this Court pursuant to 28 U.S. §1332 and 1367.

3. Venue is proper in the Eastern District since the act or omission occurred in the Eastern District of New York based upon 28 U.S.C. Section 1391 (b).

## PARTIES

4. At the time of the incident described above, Plaintiff was and still is a citizen of Barbados and resides at Trenton Day Rawls Road, Christ Church, Barbados.

5. At the time of the incident described above, the Defendant CITY OF NEW YORK was and still exists under the laws of the State of New York.

6. At the time of the incident described above, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. (hereinafter referred to as "ConEd") was and still is a domestic business corporation, existing by virtue of the laws of the State of New York.

7. At the time of the incident described above, Defendant MANETTA INDUSTRIES, INC. was and still is a domestic business corporation, existing by virtue of the laws of the State of New York.

8. At the time of the incident described above, Defendant NEW YORK PAVING INC., was and still is a domestic business corporation, existing by virtue of the laws of the State of New York.

## FACTUAL ALLEGATIONS

9. Upon information and belief and at all times hereinafter mentioned the Defendant CITY OF NEW YORK owned a crosswalk located on Jay Street near the intersection of Willoughby Street and Jay Street, Brooklyn, New York.

10. Upon Information and belief and at all times hereinafter mentioned, and/or at all relevant times to the cause of this action, Defendant CITY OF NEW YORK maintained a crosswalk located on Jay Street near the intersection of Willoughby Street and Jay Street, Brooklyn, New York.

11. Upon information and belief and at all times hereafter mentioned, and/or at all relevant time to the cause of this action, Defendant CITY OF NEW YORK owned, operated, controlled, managed a crosswalk located on Jay Street near the intersection of Willoughby Street and Jay Street, Brooklyn, New York.

12. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, Defendant CITY OF NEW YORK issued permits through its Department of Transportation to Defendant ConEd to "conduct

conduit construction and franchise" and other activities on Jay Street near or at the intersection of Willoughby and Jay Streets, Brooklyn, New York, particularly between Fulton and Willoughby streets, in Brooklyn, New York, at different times from June 12, 2001 up to July 10, 2006 and till July 21, 2006.

13. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, Defendant ConEd, either by itself or through its agents, workers, servants, and/or contractors made special use of the roadway nearing or at the crosswalk located on Jay Street near the intersection of Jay Street and Willoughby Street, Brooklyn, New York.

14. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, Defendant ConEd was charged with the responsibility of maintaining, excavating, repairing, and restoring the public roadway afore-described, either by itself alone or in conjunction with the Defendant City of New York.

15. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant ConEd, its agents, servants, employees and/or contractors negligently replaced or restored the roadway nearing or at the crosswalk located on Jay Street, near the intersection of Jay Street and Willoughby Street, Brooklyn, New York.

16. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant ConEd, its agents, servants, employees and/or contractors carried out certain activities on the afore-said

4

roadway including but not limited to excavation, conducting conduit construction(s), and/or installation of other mechanisms.

17.   Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant ConEd, its agents, servants, employees and contractors either by themselves alone or with Defendant City of New York had exclusive access to and/or control of the use of the aforesaid roadway.

18.   Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant ConEd contracted with defendant MANETTA INDUSTRIES, INC., to maintain, excavate, repair, and restore the public roadway afore-described, either by itself alone or in conjunction with Defendant ConEd.

19.   Upon information and belief and at all times hereafter mentioned, and/or at all relevant time to the cause of this action, the Defendant MANETTA INDUSTRIES, INC., its agents, servants, employees and/or contractors carried out certain activities including but not limited to excavation of the afore-said roadway, conducting or assisting in conducting conduit construction(s), and or installation of other mechanisms.

20.   Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant MANETTA INDUSTRIES, INC., its agents, servants, employees and/or contractors either by themselves alone or in conjunction with Defendant ConEd and Defendant NEW YORK PAVING INC., negligently performed its contracted obligations for excavation, backfilling and base of

the subject roadway nearing or at the crosswalk located on Jay Street, near the intersection of Jay Street and Willoughby Street, Brooklyn, New York.

21. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant MANETTA INDUSTRIES, INC., its agents, servants, employees and contractors either by themselves alone or jointly with Defendants CITY OF NEW YORK, ConEd, and NEW YORK PAVING INC. had exclusive access to and/or control of the use of the aforesaid roadway.

22. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant ConEd contracted with Defendant NEW YORK PAVING INC. to maintain, excavate, repair, and/or conduct a final restoration of the public roadway afore-described, either by itself alone or in conjunction with Defendant ConEd.

23. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant NEW YORK PAVING INC. its agents, servants, employees and/or contractors carried out certain activities including but not limited to final restoration of the afore-said roadway.

24. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant NEW YORK PAVING INC. its agents, servants, employees and/or contractors either by themselves or in conjunction with Defendants ConEd, and MANETTA INDUSTRIES, INC., was negligent in replacing or finally restoring the afore-mentioned roadway nearing or at the crosswalk

located on Jay Street, near the intersection of Jay Street and Willoughby Street, Brooklyn, New York.

25. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, the Defendant NEW YORK PAVING INC., its agents, servants, employees and contractors either by themselves alone or jointly with Defendants CITY OF NEW YORK, ConEd, and MANETTA INDUSTRIES, INC. had exclusive access to and/or control of the use of the aforesaid roadway.

26. Upon information and belief and at all times hereafter mentioned, and/or at all relevant times to the cause of this action, Defendants CITY OF NEW YORK, ConEd, MANETTA INDUSTRIES, INC., and NEW YORK PAVING INC. were charged either individually or jointly with the responsibility of, or were contractually or statutorily obligated to, properly maintain, repair, and restore the roadway afore-described.

27. That on or about July 10, 2006, while Plaintiff was lawfully in the United States on a B1/B2 visa as a visitor, and lawfully as a pedestrian on a crosswalk located on Jay Street near its intersection with Willoughby Street, Brooklyn, New York and particularly between Fulton and Willoughby Streets in Brooklyn, New York, was caused to trip and fall.

28. That the occurrence was caused either solely by the negligence of the Defendants, either individually or jointly, their servants, agents, employees, and/or contractors, without any negligence on the part of the Plaintiff contributing thereto.

29. The Defendants either jointly or individually caused such condition in improperly operating, managing, maintaining, repairing, servicing, restoring subject

roadway ; or in improperly performing their contractual and/or statutory obligations in or around the aforementioned crosswalk and thus allowing subject roadway to be and remain in a dangerous, defective, and trap-like condition; in failing to give warning to the plaintiff of the dangerous, hazardous, and trap-like conditions then and there existing; in hiring inept, incompetent inadequate, unskilled and insufficient employees; in failing to erect barricades and/or sign and/or other warning devices to warn person lawfully in or about the crosswalk, including the Plaintiff herein of dangerous, hazardous, and traplike conditions then and there existing; in causing, allowing and permitting areas of the subject roadway to become and remain defective; in failing to provide Plaintiff with a safe area upon to walk; in negligently repairing or restoring areas of said roadway, in failing to repair or properly restore parts of the roadway; in failing to provide adequate and proper rules, regulation and schedules, in failing to enforce applicable rules, regulations and schedules; in failing to keep and maintain proper records; in violating the pertinent codes, rules, statutes, promulgation, ordinance and regulation of the city and state of New York, or the conditions upon which permits were issues, in failing to heed notice of said conditions, in failing to provide proper, adequate and competent supervision, in failing to maintain said crosswalk in such a manner and under such control so as to avoid the occurrence complained of, in causing, allowing and permitting a condition dangerous to health and life to exist upon said crosswalk; in providing Plaintiff with a walking area upon said street which was inherently dangerous, in failing to take cognizance of and heed the safety of individuals upon said roadway;

and in other diverse ways being negligent, reckless and careless with respect to subject roadway.

30.   That within ninety (90) days after Plaintiff claims against the Defendant CITY OF NEW YORK arose, and on or about the 6th day of October 2006, a notice sworn to by Plaintiff was delivered personally to the Comptroller of Defendant, THE CITY OF NEW YORK, with Notice set forth the names and addresses of the Plaintiff and his attorney, the nature of his claim, the time, place and manner in which it arose, and the items of damages and injuries claimed to have been sustained.

31.   That at least thirty (30) days have elapsed since the verified statement of the Plaintiff's claimed and notice of intention to sue herein referred to was served upon Defendant THE NEW YORK CITY and the Defendant has failed to make an adjustment of payment thereof and this action has been commenced within one (1) year and ninety (90) days of the cause of action herein alleged had occurred.

## CLAIM FOR RELIEF

32.   Plaintiff herein restates paragraph 1 – 31 of this Second Amended Complaint, as thoughtfully set forth bellow:

That solely by reason of the negligence, recklessness, carelessness, willfulness and wantonness of all Defendants, individually and/or jointly, or their agents, servants, employees, and/or contractors the injured Plaintiff became and was rendered sick, sore, lame, bruised and disabled; received severe and serious injuries in and about diverse parts of her body; experienced great pain and suffering; aggravated prior injuries;

suffered and continues to suffer from said injuries; has been informed and verily believes said injuries to be of a permanent nature; was incapacitated for a long period of time; was and will be prevented from attending the usual duties and occupation and services; was compelled to and did seek hospitalization and medical aid, treatment and attention; will require further medical and; treatment and attention in the future, was compelled to and expended great and diverse sums of money in an effort to cure said conditions and will in the future be caused to incur additional expenses for such medical and other aid, and in other ways sustained a loss of diverse sums of money.

33. That at all times herein mentioned the conduct of all Defendants, jointly or severally, was of such wanton, willful, reckless and needless character as to manifest and evince a careless and reckless disregard for the safety and well-being of others, including the Plaintiff herein, who was caused to sustain serious injuries as aforesaid; that at all times herein mentioned, all the Defendants, either jointly or severally, were guilty of wanton and willful negligence at all times relevant to this action.

**WHEREFOR**E, Plaintiff respectfully requests judgment against all Defendants jointly and severally in:

1. An amount to be determined at trial with reasonable attorney fees and cost;

2. And, such other and further relief as the court may deem necessary in interest of justice.

Dated:  New York, New York
         December 12, 2008

                                                        S/Obayomi Awoyinfa

                                                       OBAYOMI AWOYINFA (OA 7934)
                                                       LAW OFFICES OF YOMI AWOYINFA
                                                       27 Union Square West, Ste. 503
                                                       New York, NY 10003
                                                       (212) 353-3430

TO:

    MICHAEL A. CARDOZO
    Corporation Counsel
    Attorney for Defendant
    THE CITY OF NEW YORK
    By: CRAIG KOSTER, ESQ.
    100 Church Street, 4th Floor
    New York, NY 10007
    (212) 788-0480

    RICHARD W. BABINECZ
    Attorneys for Defendant ConEd
    By: VIVIAN DOLE, ESQ.
    4 Irving Place
    New York, New York 10003
    (212 460-3355

    MANETTA INDUSTRIES, INC
    44-17 54th Drive
    Maspeth, N.Y. 11378

    NEW YORK PAVING INC
    37-18 Railroad Avenue
    Long Island City, NY 11101